The People ex rel. James Manning, Relator, v. James J. Hagan, Warden, Etc., Respondent.

(Supreme Court, New York Special Term, February, 1901.)

Habeas corpus — Conviction when not reviewable thereunder — Writs of habeas corpus, certiorari, and writ of review, distinguished.

A conviction by a magistrate cannot be reviewed by a writ of habeas corpus if he had jurisdiction of the charge and authority to impose the sentence.

It is unnecessary to take out at the same time a writ of habeas corpus and also one of certiorari, as neither is a writ of review, and certiorari is proper only where production of the body of the prisoner is not desired.

An ordinary writ of certiorari distinguished from the writ of review mentioned in Code C. P., § 1991, a remedy proper only where a criminal contempt is sought to be reviewed.

Habeas Corpus proceedings.

William J. Nicholson, for relator.

Eugene A. Philbin (District Attorney), for respondent.

Scott, J. The relator, who was convicted of disorderly conduct before a city magistrate, seeks by a writ of habeas corpus to review the conviction. This cannot be done, there being no question that the magistrate had jurisdiction of the offense charged, and authority to inflict the punishment imposed. The relator, following a practice which seems to have prevailed for a number of years, sued out simultaneously with the writ of habeas corpus, a writ of certiorari. For this practice there is neither necessity nor warrant of law. The writ of certiorari issued in this proceeding does not bring before the court any further or other paper or evidence, or give the court any further or other right of determination than does the writ of habeas corpus, and there is no advantage to be gained by the prisoner, or warrant to be found in the statutes for the issue of both writs simultaneously. The writ of certiorari to inquire into the cause of detention, which is the writ issued in this proceeding, is in no sense a writ of review.

It is not supplemental to the writ of habeas corpus, but merely an alternative therefor, to be issued when it is not desirable that the body of the prisoner be produced. Code Civ. Pro., § 2041. In every respect, except the actual production of the body of the prisoner, the proceedings upon a writ of certiorari are precisely the same as upon a writ of habeas corpus. The writ is directed to the sheriff or other officer having the prisoner in custody, not as is sometimes erroneously done, to the magistrate or clerk of the court in which the prisoner was held or convicted. Under the writ of certiorari, as under the writ of habeas corpus, the officer returns as his authority for holding the prisoner the commitment. He has not possession of the evidence upon which the commitment was issued and cannot, therefore, return such evidence, nor is he required to do so. Therefore, under the writ of certiorari, the same return is to be made, the same questions arise, the same facts are to be determined, and the same limitation rests upon the power of the court as upon a writ of habeas corpus. The relator gains nothing by having two writs, one of habeas corpus and one of certiorari, and there is neither reason nor authority for the simultaneous issue of both writs. People ex rel. Taylor v. Seaman, 8 Misc. Rep. 152. The writ of certiorari discussed herein should not be confounded with the writ provided for in article VII, title 2, chapter XVI, known in the Code as a writ of review. § 1991. That writ cannot be used to review a determination made in any criminal matter, except a criminal contempt of court. Code Civ. Pro., § 2148.

The writ must be dismissed and the prisoner remanded.

Writ dismissed and prisoner remanded.